Citation Nr: 1730435 
Decision Date: 07/31/17 Archive Date: 08/04/17

DOCKET NO. 13-26 710 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Boston, Massachusetts


THE ISSUE

Entitlement to non-service-connected death pension, to include special monthly compensation (SMC) due to the need for regular aid and attendance or by reason of being housebound.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

M. Alhinnawi, Associate Counsel


INTRODUCTION

The Veteran served on active duty from November 1970 to May 1972. The Veteran died in November 2008, and the appellant is the Veteran's surviving spouse.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a July 2012 Administrative Decision by the Department of Veterans Affairs (VA) Pension Management Center (PMC) in Milwaukee, Wisconsin, which denied the appellant's claim for non-service-connected death pension, because her annual income exceeded the maximum annual pension limit. The Board remanded this appeal for additional development in April 2016.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In April 2016, the Board remanded this appeal to schedule the appellant for a hearing at the RO in Boston, Massachusetts. In August 2016, the appellant informed VA that she moved to San Mateo, California and requested that VA schedule her for a hearing at the RO in Oakland, California. The appellant was scheduled for a hearing in May 2017, but failed to appear. In July 2017, the appellant informed VA that she moved to San Francisco, California and again requested that VA schedule her for a hearing at the RO in Oakland.

The Board finds that a remand is necessary to reschedule the appellant's hearing. The record does not reflect any attempt to notify the appellant of the May 2017 hearing. VA has a duty to notify an appellant of the time and place of a scheduled hearing, which it did not do in this case. See 38 C.F.R. § 20.705(b) (2016). As such, the appellant's hearing should be rescheduled and notice should be provided.
Accordingly, the case is REMANDED for the following action:

Schedule the Veteran for a videoconference hearing before a Veterans Law Judge. Send a notification letter with the date and time of the hearing to the appellant at her last address of record as well as to her representative. After the hearing is conducted, or in the event the Veteran withdraws her hearing request or fails to report for the hearing, return the claims file to the Board in accordance with appellate procedures.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
THOMAS H. O'SHAY
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252, only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b).